IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § | CASE NO. 6:20-CR-0077-JCB-KNM |
| § § § | |
| COREY JOHNSON § | |
| a/k/a RYELEE § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Withdraw Plea (ECF 175). The Court conducted a hearing on the motion on March 11, 2024. Having reviewed and considered the motion and response and heard arguments from counsel, it is recommended that the motion be **GRANTED**.

## Background

This case was initiated on October 7, 2020 with the filing of an 8-Count Indictment charging Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Sex Trafficking and Aiding and Abetting, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2, Transportation and Aiding and Abetting, in violation of 18 U.S.C. §§ 2421 and 2, and Sex Trafficking – Obstruction, in violation of 18 U.S.C. § 1591(d). At the initial appearance on December 18, 2020, the Court appointed a CJA panel attorney, Craig Bass, to represent Defendant. The federal grand jury returned a 9-Count First Superseding Indictment on October 21, 2021, adding a charge of Conspiracy, in violation of 18 U.S.C. § 371. Defendant retained counsel. The Court granted a motion to substitute Gerald Smith as counsel for Defendant on February 3, 2023.

1

On June 15, 2023, a federal grand jury returned a 9-Count Second Superseding Indictment charging Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Sex Trafficking and Aiding and Abetting, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2, Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a) and (b)(1), Transportation and Aiding and Abetting, in violation of 18 U.S.C. §§ 2421 and 2, Transportation, in violation of 18 U.S.C. § 2421, Sex Trafficking - Obstruction, in violation of 18 U.S.C. § 1591(d), and Conspiracy, in violation of 18 U.S.C. § 371. Defendant entered a plea of not guilty to all counts on June 30, 2023. The Government subsequently filed a Notice of Plea Agreement on August 14, 2023. Pursuant to that notice, the Court conducted a change of plea hearing on August 23, 2023. At the hearing, the Court addressed Defendant in open court, placed him under oath, and advised him in accordance with FED. R. CRIM. P. 11(b)(1). The parties filed a signed plea agreement and Defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment, charging a violation of 18 U.S.C. § 1594(c). The plea agreement includes sentencing stipulations pursuant to FED. R. CRIM. P. 11(c)(1)(C) (ECF 137). Finding that Defendant made a knowing and voluntary plea of guilty supported by an independent basis in fact containing each of the essential elements of the offenses, the Court entered Findings of Fact and Recommendation on Guilty Plea Before the United States Magistrate Judge (ECF 141) on August 23, 2023, recommending that Defendant's plea of guilty be accepted and that Defendant be adjudged guilty of that offense. The parties waived their right to file written objections. The Court entered an Order on August 25, 2023, accepting the recommendation and Defendant's plea of guilty to Count 1, finding Defendant guilty of that count (ECF 144). The Court reserved acceptance of the plea agreement pending review of the presentence report.

Shortly after entering his plea of guilty, Defendant submitted a *pro se* letter to the Court on September 5, 2023, that was filed under seal (ECF 153).  Among other things, the letter states that Defendant denies that he ever used force or coercion to commit sex trafficking and, in essence, he complains that he felt pushed to plead guilty.  On October 18, 2024, Defendant requested copies of the factual basis and indictment.  Defendant's attorney, Mr. Smith, then filed a Motion to Withdraw as Attorney of Record on October 24, 2023 (ECF 159).  Defendant submitted additional *pro se* letters on November 13, 2023, again asserting that his attorney forced him to sign "that plea deal in order to get force, fraud, and coercion off [the] factual basis report."  Letters from Defendant, ECF 162, at *1.  Defendant contends that he did not know he was pleading guilty until he was brought to the courtroom the day of the hearing, he did not want to agree with the deal, and his attorney did not come to see him.  *Id*.  Defendant insists that he was told he had to sign the plea agreement to get the factual basis changed to remove any reference to force, fraud, or coercion.  *Id*. at *3.

The Court conducted a hearing on Mr. Smith's motion on November 15, 2023.  After considering the motion, Defendant's letters, and the arguments at the hearing, the Court determined that a complete breakdown in communication occurred, such that new counsel should be appointed.  The Court appointed CJA panel attorney Tab Lawhorn to represent Defendant (ECF 169).

On January 26, 2024, Defendant filed a Notice of Intent to Withdraw Plea and Request a Hearing (ECF 175).  The notice is construed as a motion to withdraw guilty plea.  In his motion, Defendant asserts that he is innocent of the charge to which he pled guilty – Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c) – because he denies the use of threat, force or coercion.  Defendant submits that he believed that his attorney negotiated the removal of any

reference to threat, force, or coercion from the factual basis and he did not understand that his guilty plea still included those elements. Specifically, Defendant complains that, while the words "force, threats of force, fraud, or coercion" and "recruiting" were removed from an earlier draft of the factual basis,[1] the factual basis filed at the plea hearing added a new paragraph stating:

> I caused the victims to believe that they would suffer harm if they did not perform commercial sex acts for commercial sex customers. I also caused the victims to believe they would suffer harm if they did not pay me after performing commercial sex acts.

*See* Notice of Intent to Withdraw Plea and Request a Hearing, Exhibit 3, at *3, paragraph 11. Defendant argues that his plea was not knowingly and voluntarily entered because he was unaware and did not understand that the changes to the factual basis did not substantively change the offense to which he was pleading guilty. Defendant submits that he diligently sought to withdraw his plea after receiving new counsel and he did not have adequate assistance from his previous attorney when he pled guilty. Defendant denies that allowing him to withdraw from his plea of guilty would unduly burden the government, inconvenience the Court, or waste judicial resources. Defendant notes that he will pursue appellate and habeas relief, which will also utilize judicial resources, if he is not permitted to withdraw. Defendant seeks to withdraw his plea of guilty and proceed to trial. On the same date Defendant filed his motion, the probation officer filed an initial disclosure of the presentence report (ECF 174).

In response, the Government asserts that Defendant admitted to reading and agreeing to each paragraph of the factual basis during the plea colloquy, stating that it was true and correct, after the Government read the elements of a § 1594(c) offense in open court. The Government submits that permitting Defendant to withdraw will prejudice it because of its demanding caseload and the difficulties and burdens associated with having witnesses and victims testify at trial, some

---

[1] *See* Notice of Intent to Withdraw Plea and Request a Hearing, Exhibit 4, ECF 175-4, at *2–3, paragraphs 2, 3, 4, 13.

of whom no longer reside in Texas. The Government argues that Defendant waited 156 days to file the motion to withdraw, the plea colloquy established that Defendant entered a knowing and voluntary plea of guilty, and judicial resources will be wasted on a trial. The Government contends that Defendant had close assistance of counsel when he entered his plea of guilty, even if he does not believe he had effective assistance of counsel. The Government also points out that the plea agreement entered into by the parties provides for a shorter sentence than a preliminary estimate that was provided by the probation officer or the guideline range reached in the presentence investigation report.

## Applicable Law

A defendant does not have an absolute right to withdraw from a guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Instead, withdrawal of a guilty plea prior to sentencing is committed to the sound discretion of the trial court. *Id*. Pursuant to FED. R. CRIM. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing, if he can show a fair and just reason for the withdrawal. The burden is on the defendant to establish a fair and just reason for withdrawing from a plea of guilty. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

When deciding whether to permit withdrawal of a guilty plea, a court should consider: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice were the withdrawal motion granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). "No single

factor or combination of factors mandates a particular result." *United States v. Still*, 102 F.3d at 124 (citing *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991)). Rather, a court looks at the totality of the circumstances when determining whether to exercise its discretion to permit withdrawal. *Id*. Explicit findings as to each factor are not required. *United States v. Powell*, 354 F.3d at 370.

## Analysis

After reviewing the record and considering the arguments of the parties, the application of the *Carr* factors and consideration of the totality of the circumstances support withdrawal of Defendant's guilty plea.

### A. Assertion of Innocence

Defendant asserts actual innocence of the charge to which he pled guilty – Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c). The Elements of the Offense, filed August 14, 2023, include "[t]hat the defendant knew that a person would be caused to engage in a commercial sex act through means of force, threats of force, fraud, or coercion." ECF 134, at *1. Defendant states, however, that he has always maintained that he would not agree to admitting to the use of force, threats of force, fraud or coercion. Throughout the *pro se* letters filed with the Court shortly after the plea hearing and in his testimony at the hearing on the motion to withdraw guilty plea, Defendant consistently contends that he believed he was signing the plea agreement as a part of the negotiation to remove language relating to force, fraud, and coercion from the factual basis. Defendant submits that he stated at the plea hearing that the factual basis was true and correct because he believed at the time that he was not admitting to the use of force, fraud, or coercion, as those words had been removed. Defendant argues that he was confused about what he was actually pleading guilty to because his attorney told him that he successfully negotiated the

6

removal of those terms and continually pushed him during the plea hearing to answer questions with a "yes."

The Government correctly argues that Defendant acknowledged his guilt and stated that he read and acquiesced to the factual basis during the plea colloquy. The question raised here is whether, in view of the surrounding facts concerning the recognized breakdown in communications between Defendant and his attorney, Defendant truly understood and knew what conduct he admitted. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered." *United States v. Carr*, 740 F.2d at 345.

Here, Defendant's correspondence with the Court showed signs of confusion concerning the offense to which he pled guilty almost immediately after the plea hearing. Despite his acknowledgments at the plea hearing, Defendant's letters and statements at subsequent hearings repeatedly and consistently insisted that he refused to plead guilty to any allegation of force, fraud, or coercion and that he believed his attorney negotiated the removal of that alleged conduct. The evidence presented with the motion and at the hearing showing a prior version of the factual basis, compared with the factual basis ultimately entered at the plea hearing, supports Defendant's contention that he refused to agree to the use of force, threat of force, fraud, or coercion prior to the entry of his guilty plea. In other words, these are not contentions that first surfaced after the plea hearing. As those are required elements of the offense to which Defendant pled guilty, the plea of guilty is not consistent with Defendant's purported understanding of the conduct he admitted. The Court ultimately determined that new counsel was appropriate in this case because of a clear inability to communicate between Defendant and Mr. Smith. These facts support an

assertion of actual innocence, based on a misunderstanding of the agreement, as opposed to merely a tactical decision.[2] As a result, this factor supports Defendant's motion.

### B. Prejudice, Inconvenience to the Court and Waste of Judicial Resources

Three of the *Carr* factors are related—prejudice to the Government, inconvenience to the Court and a waste of judicial resources—and are appropriately considered together. *United States v. Knatt*, 2022 WL 1912771, at *3 (E.D.Tex. May 24, 2022); *United States v. Rodriguez*, 2010 WL 286730, at *4 (N.D.Tex. Jan. 22, 2010). The Government asserts that it would be prejudiced by withdrawal due to its heavy caseload and the inevitable time and effort required to prepare for trial, including the related burden on agents, witnesses and victims. At the motion hearing, Defendant noted that resources will be expended whether the motion is granted or denied because Defendant will diligently pursue any appellate or habeas avenue available to him. Defendant additionally argued that the interests of justice outweigh any concerns of inconvenience.

Notably, proceeding to trial inevitably requires more time and effort on the part of everyone involved in the proceeding than resolving any case through a plea of guilty. The primary concern is how the parties' and Court's positions have been changed or prejudiced by a request to withdraw and proceed to trial after a plea of guilty has already been entered. Permitting withdrawal of the guilty plea approximately seven months after the plea was entered would undoubtedly require renewed efforts to organize and prepare witnesses. The Government does not argue that any specific witness is now unavailable for trial, only that some witnesses reside outside of Texas. The Government also does not state whether those witnesses now residing outside of Texas moved after the plea of guilty, such that the Government is in a worse position now than if it had proceeded

---

[2] The purpose for allowing a defendant to withdraw from a plea of guilty "is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guildy." *U.S. v. Carr*, 740 F.2d at 345 (citing *Everett v. U.S.*, 336 F.2d 979, 984 (D.C. Cir. 1964).

to trial six months ago. Defendant did not take a position on whether the Court would be inconvenienced. "[T[he district court is in the best position to know the effect that withdrawal has on its resources." *U.S. v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009) (citing *U.S. v. Carr*, 740 F.2d at 345). Considering all of the issues related to these factors, these three factors weigh only slightly against withdrawal.

### C. Delay

The parties dispute whether Defendant delayed filing his motion to withdraw his guilty plea. In *Carr*, the Fifth Circuit deemed a delay of twenty-two days to weigh against withdrawal. *United States v. Carr*, 740 F.2d at 345. The Government argues that Defendant delayed filing his motion 156 days after entering his plea of guilty. Defendant, on the other hand, argues that he diligently filed his motion after obtaining new counsel. Importantly, Defendant contacted the Court soon after the plea hearing to express his concerns about his attorney and his plea of guilty. The letter is not dated but the Court received Defendant's letter through mail from the jail within 12 days of the hearing, including two weekends and a federal holiday. Defendant continued contacting the Court to complain about his attorney and his guilty plea after receiving a copy of the factual basis. Defendant's attempts to contact the Court soon after his guilty plea to express his concerns supports his assertion that he did not delay filing his motion. *See U.S. v. McKnight*, 570 F.3d at 650. The delay in filing a formal motion resulted from issues with counsel. The motion was filed within a reasonable time of new counsel reviewing the case and receiving transcripts of the proceedings. This factor weighs in favor of withdrawal.

### D. Close Assistance of Counsel

This factor considers "whether counsel was available to the defendant throughout the proceedings." *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019). In addition, close

9

assistance of counsel is available "where counsel negotiated a plea agreement, filed motions, discussed the case with the defendant, and explained the defendant's rights and the weight of the evidence." *U.S. v. Strother*, 977 F.3d 438, 445 (5th Cir. 2020) (citing *U.S. v. Benavides*, 793 F.2d 612, 613–18 (5th Cir. 1986)). Defendant denies that his attorney competently assisted him through every stage of prosecution. Defendant's hearing testimony, motion and correspondence make clear that assistance of counsel is at the core of Defendant's motion to withdraw from the guilty plea. Defendant alleges that his attorney misled him, specifically related to the substantive contents of the plea of guilty and the factual basis. The Court's finding of a breakdown in communication between Defendant and Mr. Smith, sufficient to justify withdrawal of counsel, calls into question whether close assistance of counsel was provided. Defendant denies that counsel answered his questions, explained his rights, and accurately communicated with him. This factor weighs in favor of withdrawal.

### E. Knowing and Voluntary Plea

A plea is knowing and voluntary if the defendant has "full knowledge of what the plea connoted and of its consequences." *United States v. Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969)). During the plea colloquy, the court must additionally determine that there are facts establishing each essential element of the offense "to ensure that the defendant understands not only the nature of the charge but also that his conduct falls within the charge." *Id*. (citing *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citation omitted).

Here, the plea colloquy shows that the Court properly determined Defendant's competency to proceed, advised him of the charges and penalties for which he was entering a plea of guilty, advised him of his constitutional rights, established that he understood the terms of the plea agreement and that he was not acting in response to undue influence or coercion, and received acknowledgment from Defendant that he signed the factual basis indicating that it was true and correct.  As set forth above, however, actions taken by Defendant almost immediately after entering his plea of guilty call into question whether he understood the substantive contents of the factual basis.  While verbally acknowledging at the plea hearing that he understood and agreed with the factual basis, every statement made by Defendant following the hearing indicates that he believed his attorney successfully negotiated the removal of any reference to force, threats of force, fraud, or coercion, which are essential elements of the charge to which Defendant pled guilty.  That belief is corroborated by the draft of the factual basis prior to the plea hearing compared with the final version entered at the hearing.  These facts do not support a finding that Defendant knowingly admitted the charged conduct.  As a result, this factor weighs in favor of withdrawal.

In sum, some factors favor withdrawal and some factors weigh against withdrawal.  The ultimate question is whether Defendant has shown a fair and just reason for withdrawing from the plea of guilty.  *United States v. Still*, 102 F.3d at 124; FED. R. CRIM. P. 11(d)(2)(B).  Here, the totality of circumstances weigh in favor of withdrawal.

## Conclusion

Defendant has met his burden of establishing a fair and just reason to withdraw his plea of guilty.  The motion to withdraw from the plea agreement should be denied.

## RECOMMENDATION

It is accordingly recommended that Defendant's Motion to Withdraw Plea (ECF 175) be **GRANTED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of March, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE