UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:20-cr-00077-1

———

**United States of America**

v.

**Corey Johnson**

———

# ORDER

In this criminal action, defendant filed a motion to withdraw his guilty plea. Doc. 175. On March 13, 2024, the magistrate judge issued a report recommending that the motion be granted. Doc. 183. The government filed timely objections to the report and recommendation, and defendant responded to those objections. Docs. 189, 190. The court reviews the objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

The report recites the procedural history of the case and analyzes the motion to withdraw using the factors outlined in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). When deciding whether to permit withdrawal of a guilty plea, a court should consider:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources . . . .

*Id.* (citations omitted). "No single factor or combination of factors mandates a particular result." *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). Rather, a court looks at the totality of the circumstances to determine whether defendant has shown a fair and

just reason for withdrawing from his plea of guilty. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); Fed. R. Crim. P. 11(d)(2)(B).

Applying each of the *Carr* factors, the magistrate judge found that defendant has asserted his innocence and did not delay in filing his motion to withdraw. The magistrate judge questioned whether defendant received close assistance of counsel and knowingly pleaded to the charged conduct. Doc. 183 at 6–11. The magistrate judge also found that the risk of government prejudice, risk of inconvenience to the court, and waste of judicial resources were minimal. *Id.* at 8–9. And, given that some factors supported defendant's motion to withdraw and that the factors weighing against his motion to withdraw were minimal, the magistrate judge found that the totality of the circumstances support withdrawing defendant's guilty plea. *Id.* at 11 (citing *Still*, 102 F.3d at 124).

The government raises five objections. Doc. 189. First, the government argues that defendant's assertion of innocence was not accompanied by a "substantial supporting record.". *Id.* at 1–2; *United States v. Strother*, 977 F.3d 438, 444 (5th Cir. 2020); *see also United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015) ("Otherwise, the mere assertion of legal innocence would always be a sufficient condition for withdrawal, and withdrawal would effectively be an automatic right." (quoting *Carr*, 740 F.2d at 344)). Specifically, the government argues that it was improper to find that defendant's assertion of innocence is supported by his unsworn pro se letters filed with the court and his testimony at the motion to withdraw plea hearing. Doc. 189 at 1–2.

Here, it was not erroneous to find that defendant's motion hearing testimony supports his assertion of innocence. Defendant asserts that he is innocent of a material element of the sex trafficking crime 18 U.S.C. § 1594(c)—knowing that force, threats of force, fraud, or coercion would be used to cause a person to engage in a commercial sex act. Defendant's mere assertion of innocence to that material element would not overcome *Strother*'s "substantial supporting record" requirement. *See, e.g., Strother*, 977 F.3d at 444. But at the

motion hearing, defendant testified that he objected to all instances of force, fraud, or coercion found in the factual basis over a month before the plea colloquy. At the motion to withdraw plea hearing, defendant introduced a draft factual basis, signed by defendant on July 24, 2023, that showed defendant's edits, made by hand, where he crossed out all instances of force, fraud, coercion, etc. Doc. 175-4.

The magistrate judge also found that defendant's pro se letters to the court show "signs of confusion concerning the offense to which he pled guilty almost immediately after the plea hearing," which adds credibility to defendant's testimony at the motion hearing. Doc. 183 at 7. Contrary to the government's assertion that the magistrate judge determined the truth of the pro se letters, the report explains that the timing of the letters and the statements contained in the letters, viewed in the context of negotiated changes to the factual stipulations, call into question whether defendant understood the substantive contents of the factual basis and whether he knowingly admitted to the charged conduct. Therefore, the government's first objection is overruled.

Second, the government argues that the report and recommendation erred in finding defendant did not delay filing his motion. Doc. 189. The government argues that even if the court only considers the amount of time from when defendant was appointed new counsel, Mr. Lawhorn, on November 17, 2023, defendant still "did not file his motion to withdraw from the guilty plea until January 26, 2024, more than two months (70 days) after Lawhorn was appointed." Doc. 189 at 3. The government points to *Carr* and *Harrison*, cases that found motions to withdraw pleas filed as little as twenty-two days after pleading guilty to be a delay. *See Carr*, 740 F.2d at 345. But the government's simple, numerical comparison to these cases does not encompass the totality of the circumstances analysis that the *Carr* factors call for. In a letter dated November 24, 2023, just seven-days after the appointment, defendant again appears to assert his innocence and asks when he should expect to hear from his new lawyer. *See* Doc. 171; 171-1 at 1. The delay in filing a

formal motion following a transition in representation will not be held against defendant. Accordingly, the government's second objection is overruled.

The government's third objection is that the magistrate judge erred in finding that the close assistance of counsel factor supported defendant's motion to withdraw. Doc. 189 at 4–6. The magistrate judge found that this factor weighed in favor of withdrawal (1) because defendant alleged that his attorney misled him regarding the factual basis; and (2) because of the breakdown in communication between defendant and his counsel, then Mr. Smith, after the plea hearing, which ultimately supported Mr. Smith's motion to withdraw. *Id.*

But Mr. Smith's motion to withdraw as attorney was not filed until October, 24, 2023, two months after defendant's plea hearing. *See* Doc. 159. And although defendant submitted pro se letters complaining of his attorney before the plea hearing, *see* Doc. 129, the court cannot conclude that the breakdown in communication between defendant and his attorney occurred before defendant's plea hearing. *See also* Doc. 130 (August 8, 2023 letter from defendant in which he informs the court his counsel had just visited with him and that defendant's concerns cited in his previous letter were partially alleviated). The relevant inquiry is whether defendant received close assistance of counsel in the plea negotiations. Before the plea hearing, Mr. Smith had met with his client, established communication, and negotiated a plea agreement on defendant's behalf. And at the plea colloquy, defendant admitted that he was satisfied with Mr. Smith's representation:

> THE COURT: Mr. Johnson, are you satisfied with Mr.
> Smith's representation of you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Has he taken plenty of time with you and
> answered all of your questions?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And after discussing the facts of your

case with him, do want to enter a guilty plea today?

THE DEFENDANT: Yes, ma′am.

Doc. 172 at 5. Therefore, the government's objection is sustained. The court is unable to find that defendant did not receive close assistance of counsel. This factor weighs against withdrawal.

The government's fourth objection argues that it was erroneous to find that defendant had not made a knowing and voluntary plea. Doc. 189 at 6–7. The government argues that the magistrate judge placed improper weight on defendant's unsworn, pro se letters and motion to withdraw plea hearing testimony, rather than his plea colloquy testimony. *Id.* "Solemn declarations in open court carry a strong presumption of verity." *United States v. Ard*, 298 F. App'x 337, 340 (5th Cir. 2008) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)). "A defendant ordinarily may not refute testimony given while under oath at a plea hearing." *Id.* At the plea hearing, the government read from the factual basis each element of 18 U.S.C. § 1594(c), including the element that "Defendant knew that a person would be caused to engage in a commercial sex act through means of force, threats of force, fraud, or coercion." Doc. 172 at 17. Defendant then agreed that he reviewed with his attorney—and read every paragraph of—the factual basis. *Id.* at 19, 22–23.

If defendant was asserting his confusion regarding the factual basis for the first time now, that new assertion would not overcome the veracity of his plea colloquy. *See Ard*, 298 F. App'x at 340. Here, however, defendant vocalized to his attorney that he was innocent with regards to the force, fraud, and coercion element far in advance of the plea hearing. That kicked off the process in which defendant made edits by hand to the factual basis, crossing out each occurrence of force, fraud, coercion, etc. Doc. 175-4. Defendant asserts that he quickly "scann[ed]" through the updated factual basis and pleaded guilty having believed that all his edits were made. Doc. 188 at 21, 44. Defendant asserts that he was not aware of a new paragraph in the factual basis has established that element:

Q. And I asked you if you had an opportunity to review that factual basis with Mr. Smith, and you said, yes, you did.

A. I didn't never saw No. 11. [Mr. Smith] never pointed out to me that -- Mr. Johnson, they took everything -- all of the force, fraud, and coercion out the factual basis, but he never said once that they inputted No. 11. They . . . put coercion back in there. [Mr. Smith] never told me that. And so my understanding is if . . . I'm being charged with force, fraud, and coercion, what was the point in taking it out -- out of the factual basis because you got me looking like -- that I'm not being charged with it. And then you put it back under -- up under there to, like, trick me to -- to -- it's -- it's crazy.

Q. And kind of following up with what Mr. Lawhorn asked you about, you proposed changes of the factual basis and the government went and made the changes that you asked for?

A. Yes. From my understanding that you took all of the force, fraud, and coercion out. As you can see on factual basis one and factual basis two, y'all took everything out -- like, a whole -- everything except force, fraud, and coercion you removed.

*Id.* at 43–44; *see also* Doc. 139 at 2 (Factual Basis paragraph 11 establishing that defendant "caused the victims to believe that they would suffer harm if they did not perform commercial sex acts for commercial sex customers"). Because defendant's misunderstanding started before the plea colloquy, this case is distinguishable from the cases cited by government that reject defendants' attempts to contradict statements from the plea colloquy with new "unsupported, after-the-fact, self-serving revisions." *United States v. Cothran*, 302 F. 3d 279, 284 (5th Cir. 2002).

To be sure, taking defendant's word that he does not meet the force, fraud, or coercion element of § 1594(c), and that he believed during the plea colloquy that the factual basis was now devoid of that element, the court questions why defendant would still plead guilty to § 1594(c). The plea hearing serves as the last opportunity for defendant to raise these objections, not at some later proceeding where defendant might say that the plea was insufficient because the factual

basis is missing the force, fraud, or coercion element. Nonetheless, these facts raise doubt that defendant was in the correct posture to plead guilty. Accordingly, the magistrate judge did not err in finding that these facts do not support that defendant made a knowing plea. Doc. 183 at 11 (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) ("A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt.")). The government's fourth objection is overruled.

The government's final objection argues that, when weighing the risk of government prejudice, inconvenience to the court, and waste of judicial resources, the magistrate judge "did not put enough weight into the burden on the victims." Doc. 189 at 7–8. That objection is also overruled. Withdrawal of the guilty plea un-doubtedly results in inconvenience to the court, the government, and the victims or other witnesses. The government does not argue that a specific witness is unavailable. Although finality for the vic-tims and avoiding subjecting the victims to trial are important incen-tives for the government during plea negotiations with a defendant, the burden on the victims must be weighed against defendant's rights to proceed to trial, should he decide to exercise it. Therefore, the magistrate judge did not err in finding these factors weigh only "slightly" against withdrawal, rather than "heavily" as the govern-ment now argues. *See* Doc. 189 at 8.

The magistrate judge properly considered the totality of the cir-cumstances in recommending that defendant's motion to withdraw should be granted. The ultimate question is whether defendant has shown a fair and just reason for withdrawing from his plea of guilty. *Still*, 102 F.3d at 124; Fed. R. Crim. P. 11(d)(2)(B). Here, defendant has shown a fair and just reason to withdraw from the plea of guilty and the totality of the circumstances weigh in favor of withdrawal. Whether or not the government may ultimately prove that defend-ant committed the charged conduct, the edits to the factual basis prior to the guilty plea and defendant's assertion that he believed

- 7 -

those edits were fully incorporated support defendant's assertion that he did not understand he was admitting to an essential element of 18 U.S.C. § 1594(c).

Although the court sustained the government's third objection, the close assistance of counsel finding weighs only slightly against withdrawal. It does not overcome the totality of the circumstances that support withdrawing the plea. Accordingly, defendant's motion to withdraw plea (Doc. 175) is granted. The case remains referred to the magistrate judge for further appropriate action, including the issuance of a scheduling order.

*So ordered by the court on May 22, 2024.*

J. CAMPBELL BARKER
United States District Judge