IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| v. | §    CASE NO. 6:20-CR-0077-JCB-KNM <br> § <br> § |
| COREY JOHNSON (1) | § <br> § <br> § |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Corey Johnson's Opposed Motion to Strike Count 1 and Other Parts of the Second Superseding Indictment (ECF 221). Having reviewed and considered the motion and response, it is recommended that the motion be **DENIED**.

## Background

This case was initiated on October 7, 2020 with the filing of an 8-Count Indictment charging Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Sex Trafficking and Aiding and Abetting, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2, Transportation and Aiding and Abetting, in violation of 18 U.S.C. §§ 2421 and 2, and Sex Trafficking – Obstruction, in violation of 18 U.S.C. § 1591(d). On June 15, 2023, a federal grand jury returned a 9-Count Second Superseding Indictment charging Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Sex Trafficking and Aiding and Abetting, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2, Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a) and (b)(1), Transportation and Aiding and Abetting, in violation of 18 U.S.C. §§ 2421 and 2, Transportation, in violation of 18 U.S.C. § 2421, Sex Trafficking - Obstruction, in violation of 18 U.S.C. § 1591(d), and Conspiracy, in violation of 18 U.S.C. § 371.

1

In his motion, Defendant argues that Count 1 sets forth the elements for a violation of 18 U.S.C. § 1594(c), Conspiracy to Commit Sex Trafficking, but does not provide the requisite factual particularity to give notice regarding the allegations of the use of force, threats of force, and coercion. Defendant contends that the indictment does not provide facts from which he can prepare and set forth a defense and is so vague that it does not afford him protections under the double jeopardy clause against future prosecution. Further, pursuant to FED. R. CRIM. P. 7(d), Defendant seeks to strike paragraph 14 of the "Manner and Means of the Conspiracy" alleged in Count 1 that states, "[o]n several occasions, Corey Johnson a/k/a Ryelee boasted about beating a murder charge in the presence of the victims." Count 1 of the Second Superseding Indictment states, in its entirety:

### COUNT 1

Violation: 18 U.S.C. § 1594(c)
(Conspiracy to Commit Sex Trafficking)

1. From in or about March 2020, and continuing through in or about September 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants, **Corey Johnson a/k/a Ryelee** and **Jessica Smith**, did knowingly combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to violate 18 U.S.C. § 1591, sex trafficking, that is knowingly recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, and soliciting by any means a person, namely Victim 1, Victim 2, Victim 3, and others, who are known to the Grand Jury, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause a person to engage in a commercial sex act.

## Object and Purpose of the Conspiracy

2. It was the object and purpose of the conspiracy for the defendants, **Corey Johnson a/k/a Ryelee** and **Jessica Smith**, to unlawfully enrich themselves by causing a person to engage in commercial sex acts through force, threats of force, fraud, and coercion, and to use the proceeds of the conspiracy for their personal benefit, as well as that of others.

## Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the object and purpose of the conspiracy included, among others, the following:

3. **Corey Johnson a/k/a Ryelee** and others solicited, enticed, and recruited victims to engage in commercial sex acts.

4. **Corey Johnson a/k/a Ryelee, Jessica Smith**, and others used vehicles, public highways, hotels, telephones, and the Internet to facilitate commercial sex.

5. **Corey Johnson a/k/a Ryelee** and others transported the victims and arranged transportation for the victims to various hotels and motels for commercial sex in Texas, Louisiana, Tennessee, New York, and California.

6. **Corey Johnson a/k/a Ryelee** and others harbored the victims in various hotels and motels where commercial sex acts occurred.

7. **Corey Johnson a/k/a Ryelee** and others obtained commercial sex customers for the victims by purchasing and posting advertisements on various Internet websites. Sex customers responded to the advertisements via telephone and were directed to various hotels and motels where commercial sex acts occurred.

8. **Corey Johnson a/k/a Ryelee** and others obtained money from the victims after commercial sex acts occurred.

9. **Jessica Smith** provided money to others to pay for the victims' transportation and other expenses in order to facilitate further commercial sex acts.

10. **Corey Johnson a/k/a Ryelee** and others provided food, clothing, and other items to the victims.

11. **Corey Johnson a/k/a Ryelee** and others used means of force, threats of force, fraud, and coercion to maintain the victims.

12. On several occasions, **Corey Johnson a/k/a Ryelee** used force and caused harm to the victims.

13. On several occasions, **Corey Johnson a/k/a Ryelee** possessed and brandished a firearm and referenced his access to firearms in the presence of the victims.

14. On several occasions, **Corey Johnson a/k/a Ryelee** boasted about beating a murder charge in the presence of the victims.

All in violation of 18 U.S.C. § 1594(c).

The Government asserts that the elements of the charged offense, pursuant to 18 U.S.C. §§ 1591 and 1594(c), are: (1) the defendant conspired with another person to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, or solicit a person; (2) that the defendant knew that a person would be caused to engage in a commercial sex act through means of force, threats of force, fraud, or coercion; and (3) that the recruiting, enticing, harboring, transporting, providing or obtaining was done in or affecting interstate commerce. The Government asserts that the indictment sufficiently alleges that Johnson and his co-conspirator, Jessica Smith, knowingly agreed to commit the crime of sex trafficking by "knowingly recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, and soliciting by any means a person, namely

Victim 1, Victim 2, Victim 2, and others . . . in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause a person to engage in a commercial sex act." ECF 123, at *1. The Government submits that the indictment further identifies the object and purpose of the conspiracy in paragraph 2, followed by twelve specific allegations concerning the manner and means of the conspiracy in paragraphs 3 through 14. Finally, the Government notes that the indictment covers a specific, approximately 7-month time period in 2020.

## Applicable Law

Pursuant to FED. R. CRIM. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." and a count "may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." A court applying this standard should concern itself with common sense over technicalities. *See* 1 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 124 (5th ed. 2024). A defendant may file a pretrial motion asserting a defect in the indictment for lack of specificity pursuant to FED. R. CRIM. P. 12(b)(3)(B)(iii). For purposes of reviewing a motion to dismiss an indictment, the Court takes the facts set forth in the indictment as true. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). A motion seeking dismissal of an indictment is a challenge to its sufficiency. *Id*.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887 (1974). "It is generally sufficient that an indictment

set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (internal quotation marks omitted). The language of the statute must be accompanied by "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id*. at 118 (internal quotation marks omitted). The question is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards." *United States v. Kay*, 359 F.3d at 742 (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)).

## Analysis

Defendant seeks dismissal of Count 1 pursuant to FED. R. CRIM. P. 12(b)(3)(B)(iii) and seeks to strike paragraph 14 of the "Manner and Means of the Conspiracy" alleged in Count 1 as surplusage pursuant to Rule 7(d).

### A. Sufficiency of the Indictment

Defendant does not challenge the Government's assertion that Count 1 sets forth the elements of the offense. Instead, Defendant seeks specific facts concerning the charged conduct. More specifically, he wants to know "what exactly [he] did that constitutes force, threats of force, fraud, and coercion." ECF 221, at *3. Defendant acknowledges that paragraphs 11 through 14 of the "Manner and Means of the Conspiracy" set forth the acts that the Government contends support their theory that he acted with force, threats of force, fraud, and coercion, but he submits that they do not provide enough information to adequately prepare a defense or protect him against future prosecution.

"An indictment adequately charges an offense if it (1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecutions." *United States v. McBirney*, 2006 WL 2432675, at *8 (N.D.Tex. Aug. 21, 2006) (internal quotation marks omitted), *aff'd*, 261 Fed.Appx. 741 (5th Cir. 2008). Generally, an indictment that follows the language of the statute "is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation marks and citations omitted). Importantly, a defendant is entitled to "essential facts" of the charged crime, but he is not entitled to "the evidentiary details by which the government plans to establish his guilt." *United States v. Rodriguez*, 2020 WL 4689193, at *2, Criminal Action No. 4:18-CR-216 (E.D.Tex. July 27, 2020) (Report and Recommendation, adopted, 2020 WL 4674141 (E.D.Tex. Aug. 12, 2020)). Here, the allegations included in Count 1 adequately state the facts and circumstances to notify Defendant of the specific charge against him. *See United States v. Adams*, 314 Fed.Appx. 633, 641 (5th Cir. 2009) (per curiam) (quoting *United States v. Quinn*, 359 F.3d 666, 672–73 (4th Cir. 2004)). Defendant is seeking evidentiary details that exceed the constitutional minimum. Additionally, the factual details provided in Count 1, including the specific time period and geographic area, adequately enable Defendant to raise a double jeopardy defense in any subsequent prosecution for the same offense. *United States v. Giles*, 756 F.2d 1085, 1087 (5th Cir. 1985).

### B. Surplusage

Rule 7(d) provides that a court may, on motion by the defendant, strike surplusage from the indictment. Rule 7(d) is used to remedy a "needlessly wordy indictment." *United States v. McDermot*, 58 F.3d 636, at *5 (5th Cir. 1995). The rule's purpose is "to protect the defendant against prejudicial allegations of irrelevant or immaterial facts." 1 Charles A. Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 128 (5th ed. 2024). To be stricken, objectionable language must be irrelevant, inflammatory, and prejudicial. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). While Defendant argues that the language is prejudicial, he has not alleged or shown that paragraph 14 of the "Manner and Means of the Conspiracy" included in Count 1 is irrelevant or immaterial. Indeed, the language goes directly to the allegation of the use of coercion in Count 1. The language is not surplusage and the request to strike it should be denied.

## Conclusion

Defendant has not shown that Count 1 of the Second Superseding Indictment lacks specificity such that it fails to conform with the minimum constitutional standards. The motion to strike Count 1 should be denied. Additionally, Defendant has not shown that paragraph 14 of the "Manner and Means of the Conspiracy" portion of Count 1 is surplusage. The motion to strike that language should be denied.

## **RECOMMENDATION**

It is accordingly recommended that Defendant Corey Johnson's Opposed Motion to Strike Count 1 and Other Parts of the Second Superseding Indictment (ECF 221) be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. Local Rule CR-59(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn*., 79 F.3d 1415,

1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE